SCHOOL DISTRICTS — NON-TEACHER PERSONNEL — BENEFITS The Legislature did not intend by the passage of Senate Bill No. 624 of the Second Regular Session, Thirty-fifth Oklahoma Legislature (1976) (70 O.S. 6-104 [70-6-104], 70 O.S. 6-104.5 [70-6-104.5], 70 O.S. 6-105 [70-6-105] and 70 O.S. 6-105A [70-6-105A] (1976)) to destroy previously granted benefits to non-teacher or non-certified school district personnel. To hold otherwise would give rise to a serious constitutional question concerning the prohibition against the passage of any law impairing contracts. The Attorney General has considered your requests for opinions and because the issues presented for our consideration are similar if not identical, your requests have been combined. The gist of the questions presented by your requests is: Under the recently enacted Senate Bill No. 624, Second Regular Session of the Thirty-fifth Oklahoma Legislature (1976), which amends 70 O.S. 6-104 [70-6-104] and 70 O.S. 6-105 [70-6-105] (1975), if the negotiating representative of the certified employees of a school district negotiates for improved sick leave and other leave benefits, and it was the policy of the school district to extend these benefits to the non-certified employees of the school district prior to the passage of Senate Bill No. 624, do non-certified employees lose such benefits as a result of the passage of 70 O.S. 6-104 [70-6-104](D), of said bill or are the leave benefits granted to the non-certified employees protected by Section 4 of said Bill? It should be noted at the outset that the statutes amended and added by Senate Bill No. 624 of the Second Regular Session of the Thirty-fifth Oklahoma Legislature (1976), are now codified as 70 O.S. 6-104.6 [70-6-104.6], 70 O.S. 6-105 [70-6-105] and 70 O.S. 6-105A [70-6-105A] (1976). Title 70 O.S. 6-104 [70-6-104](D) (1976), provides in part: "A school district may provide for leave with pay for personnel other than teachers, which leave benefits shall not exceed those authorized for state employees under the Merit System for Personnel Administration." As noted in your opinion requests, questions have arisen regarding the effect of the above statutory amendment upon existing sick leave benefits previously granted to non-teacher employees of school districts. In this respect, there is a question as to the present validity or legal efficacy of such benefits, especially since the benefits previously granted may exceed those presently authorized for state employees under the Merit System for Personnel Administration. Because of this question, you have inquired if the previously granted benefits are lost pursuant to the above-quoted 70 O.S. 6-104 [70-6-104](D) or if, in the alternative, the previously granted benefits are preserved and protected by 70 O.S. 6-105A [70-6-105A] which provides: "Nothing in this Act shall be construed to annul, modify or to preclude the renewal or continuation of any existing agreement heretofore entered into between any school district and any organizational representative of its employees." From a plain reading of 70 O.S. 6-105A [70-6-105A], above quoted, it would appear that the section would have no direct applicability to those benefits extended to non-teachers or non-certified employees of the school district prior to the passage of Senate Bill No. 624. As noted in your opinion requests, the benefits in question refer to those initially obtained, through the negotiation process, by the negotiating representatives of certified or teacher employees of the school districts. Improved benefits were granted or extended to the non-certified or non-teacher employees of the district, not as a result of negotiation between the school district and negotiating representatives of such non-certified employees, but as a result of school board policy to grant an extension of benefits to such employees. It must be acknowledged that 70 O.S. 6-105A [70-6-105A], while not distinguishing between classes of employees per se, does limit its application to the protection and preservation of those previously existing agreements entered into ". . . Between any school district employees and any organizational representatives of its employees." Based upon this qualifying language, it must be concluded that non-teacher benefits, extended as a matter of policy to non-teacher employees of the school district, and without the participation of employee organizational representatives, do not qualify as coming under any previously existing agreements contemplated by the language of 70 O.S. 6-105A [70-6-105A]. Needless to say, a different conclusion would result should the specific facts and circumstances reflect that, in addition to such benefits being extended as a matter of school board policy, the benefits were also extended to the non-teacher employees as part and parcel of the respective agreement between the school district and the respective employees' organizational representatives. Notwithstanding the apparent inapplicability of 70 O.S. 6-105A [70-6-105A] to non-teacher benefits, the question remains as to whether previously granted benefits have been protected and preserved. In order to decide the question, it is necessary to resort to principles of statutory construction as well as an interpretation of the Constitution in order to ascertain if the benefits may be extinguished. It is a well-settled rule of statutory construction that unless language employed in a given statute conclusively negates a construction, the statute is to be construed as prospective only and such a prospective construction and application is particularly applied with respect to those statutes, the retroactive application of which would impair or destroy contracts, destroy vested rights or create new obligations. See 82 C.J.S. Statutes, 416. Further, in 82 C.J.S. Statutes, Section 417, the following language appears: "Unless the intention of the Legislature demands it, statutes affecting or impairing vested or contractual rights will not be construed to operate retrospectively or retroactively, but as prospectively only." A review of Senate Bill No. 624 leads one to the conclusion that the Legislature did not intend to destroy previously granted benefits to non-teacher employees of school districts. It also must be concluded, as a matter of statutory construction, that 70 O.S. 6104 [70-6104](D) does not apply retroactively and that, accordingly, the improved employee benefits previously extended to non-teacher or non-certified school district personnel, constitute an integral part of the employment agreement entered into by the school district and such personnel prior to the passage and effective date of Senate Bill No. 624. Therefore, such benefits were not extinguished or otherwise lost by virtue of the passage of 70 O.S. 6-104 [70-6-104](D). Indeed, to reach a contrary conclusion would give rise to a constitutional question in light of Article I, Section 10, of the United States Constitution, and Article II, Section 15 of the Oklahoma Constitution, in that both provisions pertain to the prohibition against the passage of any law impairing contracts. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Legislature did not intend by the passage of Senate Bill No. 624 of the Second Regular Session, Thirty-fifth Oklahoma Legislature (1976) (70 O.S. 6-104 [70-6-104], 70 O.S. 6-104.5 [70-6-104.5], 70 O.S. 6-105 [70-6-105] and 70 O.S. 6-105A [70-6-105A] (1976)) to destroy previously granted benefits to non-teacher or non-certified school district personnel. To hold otherwise would give rise to a serious constitutional question concerning the prohibition against the passage of any law impairing contracts. (R. THOMAS LAY) (ksg)